United States District Court
Southern District of Texas
**ENTERED**
March 04, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT C. EDWARDS, JR., (TDCJ #01259994) | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 4:24-cv-899 |
| v. | § § § § | (*Consolidated with* Civil Action Nos. 4:24-cv-903, 4:24-cv-904, 4:24-cv-905, 4:24-cv-907, and 4:24-cv-909) |
| ERIC GUERRERO,[1] | § § § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Robert C. Edwards, Jr., a Texas state inmate, seeks federal habeas relief under 28 U.S.C. § 2254 to challenge his state-court convictions for aggravated assault, burglary of a habitation with intent to commit aggravated assault, indecency with a child, and aggravated sexual assault of a child. The respondent moves for dismissal on the ground that Edwards's claims are barred by the governing one-year statute of limitations. Dkt. 11. Edwards has filed a response. Dkt. 14.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

---

[1] Bobby Lumpkin was the previously named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

## I.    Procedural History

In September 2004, Edwards was convicted of aggravated assault with a deadly weapon, burglary of a habitation with intent to commit aggravated assault, two counts of indecency with a child, and two counts of aggravated sexual assault of a child and sentenced to life imprisonment in each cause. *State v. Edwards*, Cause Nos. 690497, 714626, 964983, 964984, 976234, & 976235 (177th Dist. Ct. Harris County, Sept. 10, 2004). The First Court of Appeals of Texas affirmed Edwards's six convictions and sentences in a consolidated appeal. *Edwards v. State*, Nos. 01-04-00966-CR, 01-04-00967-CR, 01-04-00968-CR, 01-04-00969-CR, 01-04-00970-CR, & 01-04-00971-CR, 2006 WL 1115925 (Tex. App.—Houston [1st Dist.] April 27, 2006, pet. granted) (unpublished mem. op.). The Texas Court of Criminal Appeals granted Edwards's petition for discretionary review on October 25, 2006, 2006 WL 1115925, and affirmed the lower appellate court's judgment on February 6, 2008. *Edwards v. State*, Nos. PD-1157-06, PD-1158-06, PD-1159-06, PD-1160-06, PD-1161-06 & PD-1162-06, 2008 WL 366617 (Tex. Crim App. Feb. 6, 2008) (unpublished). Edwards did not seek further direct review.

In January 2010, Edwards, representing himself, filed six state habeas applications under Article 11.07 of the Texas Code of Criminal Procedure to challenge each of his convictions. *Ex parte Edwards*, Application Nos. WR-78,844-01 to -06.[2] Subsequently, counsel was appointed to represent Edwards on state habeas review, and Edwards moved to dismiss four of his state habeas applications. *Ex parte Edwards*, Application Nos. WR-

---

[2] *See generally* Dkt. 13-1; Dkt. 13-4; Dkt. 13-6; Dkt. 13-7; Dkt. 13-8; Dkt. 13-9.

78,844-03 to -06.[3] In February 2013, the Court of Criminal Appeals dismissed Edwards's applications challenging his convictions for indecency with a child (Cause No. 964983), indecency with a child by contact (Cause No. 964984), and aggravated sexual assault of a child (Cause Nos. 976234 & 976235). *Id.*

In the remaining two actions—challenging his convictions for aggravated assault (Cause No. 690497) and burglary of a habitation (Cause No. 714626)—Edwards filed amended applications asserting as the sole ground for relief that his deferred adjudication probation was illegally revoked. *Ex parte Edwards*, Application Nos. WR-78,844-01 to -02.[4] In February 2013, following a hearing, the Court of Criminal Appeals denied these applications, without a written order, on the findings of the trial court. *Id.*[5]

In March 2023, Edwards again filed six state habeas applications to challenge each one of his convictions. *Ex parte Edwards*, Application Nos. WR-78,844-07 to -12.[6] In August 2023, the Court of Criminal Appeals dismissed the two applications challenging his convictions for aggravated assault (Cause No. 690497) and burglary of a habitation (Cause No. 714626) as subsequent applications under section 4(a)-(c) of Article 11.07 of the Texas Code of Criminal Procedure, and denied the four remaining applications without written order. *Ex parte Edwards*, Application Nos. WR-78,844-07 to -12.[7]

---

[3] *See* Dkt. 13-6 at 87-89; Dkt. 13-7 at 87-89; Dkt. 13-8 at 84-86; Dkt. 13-9 at 87-89.
[4] Dkt. 13-1 at 78; Dkt. 13-4 at 78.
[5] Dkt. 13-1 at 2; Dkt. 13-4 at 2; *see also* Dkt. 13-2 (Reporter's Record).
[6] *See generally* Dkt. 13-10; Dkt. 13-14; Dkt. 13-18; Dkt. 13-22; Dkt. 13-26; Dkt. 13-30.
[7] *See* Dkt. 13-11; Dkt. 13-15; Dkt. 13-19; Dkt. 13-23; Dkt. 13-27; Dkt. 13-31.

3

In March 2024, Edwards filed six separate federal habeas petitions to challenge his convictions, and they were consolidated under the instant case number for the Court's consideration. *See* Dkt. 3 (Order to Consolidate Cases). He alleges the following grounds for relief:

1.  his Fourteenth Amendment rights to due process and equal protection were violated where, in a single criminal action, his six sentences were ordered to run both concurrently and consecutively;

2.  the partial cumulation order requiring the sentences for his 1995/1996 offenses to be served after those for his 2002/2003 offenses is illegal and void because it violates state statute and his right to due process;

3.  his right to due process was violated where the trial court ordered his sentences for his aggravated assault and burglary offenses to run consecutive to other offenses prosecuted in the same criminal action and not enumerated for consecutive sentences under Section 3.03;

4.  his sentences result from an ex post facto application of state law that increased the punishment imposed;

5.  his rights to due process and equal protection were violated where the sentences for four sexual offenses that were prosecuted in a single hearing were separated and three ordered to run concurrently and consecutively to the fourth; and

6.  he received ineffective assistance of trial and appellate counsel where counsel failed to recognize and bring the sentencing error to the court's attention and failed to raise the issue on appeal.

Dkt. 1 at 5–14; Dkt. 1-1.[8]

The threshold issue is whether Edwards filed his consolidated petitions too late to permit consideration of his claims.

---

[8] Because all six petitions raise identical claims, the Court cites only the federal petition and memorandum of law filed in the lead case unless noted otherwise.

## II.    Background

In affirming Edwards's convictions, the Texas First Court of Appeals provided the

following summary of events:

> In April 1995, the State charged Edwards with aggravated assault. One year later, the State charged him with burglary of a habitation with the intent to commit aggravated assault. Edwards pleaded guilty to both offenses without an agreed recommendation from the State as to punishment. He also pleaded true to the enhancement paragraphs, alleging that he had previously committed arson. On July 16, 1996, the trial court deferred adjudication and placed Edwards on community supervision for eight years.
>
> On October 16, 2003, the State charged Edwards with two counts of indecency with a child. Based on these new charges, the State filed a Motion to Adjudicate Guilt one week later, alleging that Edwards had violated the conditions of his community supervision by intentionally and knowingly touching the breasts and genitals of a child under the age of seventeen. Three months later, the State amended its Motion to Adjudicate Guilt by adding allegations that Edwards had violated the conditions of his community supervision by intentionally and knowingly possessing child pornography.
>
> The State subsequently charged Edwards with two additional counts of aggravated sexual assault of a child. Based on these new charges, the State filed a Second Amended Motion to Adjudicate Guilt on August 25, 2004, in which it added allegations that Edwards had violated the conditions of his community supervision by (1) intentionally and knowingly causing the mouth of a child under the age of fourteen to contact his sexual organ, (2) intentionally and knowingly placing his sexual organ in the female sexual organ of a child under the age of fourteen, (3) intentionally and knowingly exposing his genitals to a child under the age of seventeen, and (4) intentionally and knowingly causing a child under the age of seventeen to expose her genitals and to pose for nude photographs.
>
> Edwards pleaded not guilty and waived his right to a jury trial on the counts of indecency with a child and aggravated sexual assault of a child. The trial judge held a four-day court trial in September 2004. After hearing testimony from eighteen witnesses, including the child complainants and Edwards, the trial court found Edwards guilty of both counts of indecency with a child and both counts of aggravated sexual assault of a child. The court also found the remaining allegations in the State's Second Amended Motion to Adjudicate

5

Guilt true and formally adjudicated Edwards guilty of the original offenses of aggravated assault and burglary of a habitation with the intent to commit aggravated assault. After holding a separate punishment hearing, the trial court sentenced Edwards to life imprisonment for each offense. The court ordered that the life sentences for aggravated assault, burglary, and one count of indecency with a child would run concurrently, after which Edwards would serve his concurrent life sentences for the remaining count of indecency with a child and the two counts of aggravated sexual assault of a child. This appeal followed.

*Edwards*, 2006 WL 1115925, at *1–2 (original internal footnote omitted).

## III.   Discussion

### A. Statute of limitations under 28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Edwards challenges his state-court convictions, the limitations period began to run on "the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Edwards's convictions became final on May 6, 2008, when his time to file a petition for writ of certiorari expired. *See* U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari is timely when filed within 90 days after entry of order denying discretionary review in state court of last resort). That date triggered the limitations period, which expired one year later, on May 6, 2009. Edwards did not file his federal petitions until March 5, 2024. Therefore, a merits review of Edwards's grounds for relief is barred by the statute of limitations unless a statutory or equitable exception applies.

### 1. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Because Edwards did not file his first set of state habeas applications until January 7, 2010—approximately eight months after the limitations period expired—he is not entitled to tolling under this provision. *See Scott v. Johnson*, 227 F.3d 260, 263

7

(5th Cir. 2000) (habeas petitioner not entitled to tolling under § 2244(d)(2) where state habeas application was filed after the limitations period had expired).

No other AEDPA provision applies to extend the limitations period. Edwards does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims rely on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)-(C).

Nor do any of Edwards's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Edwards argues that the factual predicate of his claims could not have been discovered until March 2023, when he received a document from TDCJ and was prompted to research the legality of his sentences. Dkt. 1, at 17; Dkt. 1-1, at 1-2. At this time, Edwards "discovered that the partial cumulation order the trial court order[ed] in his case is[] in fact, illegal and/or void[]." *Id.* Edwards's argument is not persuasive.

Because Edwards challenges the trial court's sentencing orders themselves, the factual predicates for his claims were known to Edwards or could have been discovered by him through due diligence at least by the time his convictions became final. Indeed, in his response, Edwards concedes that the "illegal cumulation could have easily been known from the record at the time his convictions were final," and argues that the record would have supported a challenge to the cumulation order on direct appeal. Dkt. 14, at 4-5. Moreover, Edwards asserted similar claims related to the trial court's sentencing orders in

his 2010 state habeas applications, further belying his contention that he was unaware of the factual predicates for his claims prior to 2023.

Merely alleging new evidence to support facts that were known at an earlier date does not suffice to establish a new factual predicate. Statutory tolling does not apply to promote an endless gathering of evidence by habeas petitioners. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner confuses his knowledge of the factual predicate for his claims with the time permitted for gathering evidence in support of those claims); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). Contrary to Edwards's assertions, the factual predicate of his claims either became known or could have become known prior to the date that his convictions became final. Thus, his grounds for relief could have been brought within the one-year limitations period.

## 2. Equitable Tolling

Finally, Edwards fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively

misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Edwards or prevented him from filing within the deadline. Nor does the record support a conclusion that Edwards was diligent in pursuing his rights. Edwards let approximately eight months pass after his convictions became final before he first sought to file a state habeas application. He then waited more than ten years to file his second set of state habeas applications. Once the Court of Criminal Appeals disposed of his latter applications in August 2023 and dismissed his motion for reconsideration in September 2023, Edwards allowed more than five months to elapse before filing his federal petition. Edwards does not provide an adequate explanation for this delay.

The record discloses no other basis to extend the limitations period. Given Edwards's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting S*lack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Edwards stated a valid claim for relief. A certificate of appealability will not issue.

## V.     Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion to dismiss (Dkt. 11) is **GRANTED**.

2.    The petitioner's consolidated habeas action is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

3.    All other motions, if any, are **DENIED**.

4.    A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ MAR 0 3 2025 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

12